UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALLSTATE INSURANCE COMPANY;
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY; ALLSTATE
PROPERTY AND CASUALTY
INSURANCE COMPANY; ESURANCE
INSURANCE COMPANY; and
ESURANCE PROPERTY AND
CASUALTY INSURANCE COMPANY,

                Plaintiffs,

v.

LEVEL 1 HEALTH SYSTEMS, LLC;
NORTHLAND HEALTHCARE
SERVICES PLLC; NORTHLAND
CHIROPRACTIC CENTRE P.C.;
ZAHIR SHAH, P.T., and GEOFFREY
SAGALA, D.C.,

                Defendants.

Case No. 2:20-cv-12783
Judge Bernard A. Friedman

**ORDER OF DEFAULT AND FINAL JUDGMENT
AGAINST DEFENDANT LEVEL 1 HEALTH SYSTEMS, LLC**

Before the Court is plaintiffs Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, Esurance Insurance Company, and Esurance Property and Casualty Insurance Company's (collectively, "Allstate" and/or "plaintiffs") motion for default judgment against defendant Level 1 Health Systems, LLC ("Level 1") pursuant to Fed. R. Civ.

1

P. 55(b)(1) and 55(b)(2) and entry of final judgment against Level 1 pursuant to Fed. R. Civ. P. 54(b).

The Court finds that the plaintiffs' summons and complaint were served upon Level 1 on December 19, 2020 by personal service (*ECF No. 26*); however, Level 1 has failed to file a responsive pleading or motion. The Court also finds that default was entered against Level 1 by the Clerk of the Court on February 16, 2021 (*ECF No. 35*). The Court further finds that the plaintiffs' motion for default judgment and entry of final judgment against Level 1 is sufficiently supported by affidavit and accompanying exhibits in setting forth their damages arising from the fraudulent acts engaged in by Level 1.

This matter having come before the Court on plaintiffs' motion for default judgment and entry of final judgment, and the Court being fully advised as to the sufficiency and bases for this Court to issue the following judgment,

**IT IS HEREBY ORDERED** as follows:

1. ORDERED, ADJUDGED, and DECREED that judgment is hereby entered in favor of Allstate and against Level 1 in the total amount of $563,804.00 for and arising out of the acts of Level 1 on the following counts of the Complaint: Counts I, II, XXV, XXVI, XXVII, and XXVIII;

2. ORDERED, ADJUDGED, and DECREED that Allstate is entitled to recover all post-judgment costs, reasonable attorney's fees, and other fees and costs

incurred by Allstate in connection with the collection, attempted collection, enforcement, and/or attempted enforcement of this Judgment, as well as post-judgment interest pursuant to Mich. Comp. Laws § 600.6013;

3. ORDERED, ADJUDGED, and DECREED that, at all relevant times, Level 1 solicited patients for medically unnecessary treatment pursuant to a fraudulent scheme whereby patients were referred within the fraudulent network as part of *quid pro quo* arrangements established for the purpose of generating claims to Allstate, and not for the purpose of providing reasonably necessary medical treatment, in violation of Michigan's No-Fault Act, Mich. Comp. Laws § 500.3101, *et seq.*;

4. ORDERED, ADJUDGED, and DECREED that, at all relevant times, Level 1 engaged in fraudulent billing practices in violation of Michigan's No-Fault Act;

5. ORDERED, ADJUDGED, and DECREED that, at all relevant times, the amounts charged by Level 1 were not reasonable and customary in violation of Michigan's No-Fault Act;

6. ORDERED, ADJUDGED, and DECREED that, at all relevant times, Level 1 billed for unnecessary and unlawful services that are not compensable under Michigan's No-Fault Act;

7. ORDERED, ADJUDGED, and DECREED that, at all relevant times, Level 1 billed for services not actually rendered that are not compensable under Michigan's No-Fault Act;

8. ORDERED, ADJUDGED, and DECREED that, at all relevant times, Level 1 engaged in a fraudulent scheme whereby it billed for unnecessary and unlawful services and submitted unreasonable charges for the same to Allstate, in violation of Michigan's No-Fault Act;

9. ORDERED, ADJUDGED, and DECREED that Allstate has no obligation to pay any pending and previously-denied claims submitted by Level 1 for all dates of service through the date of the Court's Order;

10. ORDERED, ADJUDGED, and DECREED that Level 1 has no standing to pursue and cannot seek payment from Allstate for benefits under Michigan's No-Fault Act, any policy of insurance, any assignment of benefits, any lien of any nature, or any other claim for payment for all dates of service through the date of the Court's Order;

11. ORDERED, ADJUDGED, and DECREED that Level 1 has no standing to pursue and cannot balance bill or otherwise seek payment from any person insured under an Allstate policy or for whom Allstate is the responsible payor (including, without limitation, any Michigan Automobile Insurance Placement Facility, which maintains the Michigan Assigned Claims Plan, claimant where

Allstate is the assigned insurer) for all dates of service through the date of the Court's Order;

12. ORDERED, ADJUDGED, and DECREED that this Order resolves all pending claims by and between Allstate and Level 1;

13. ORDERED, ADJUDGED, and DECREED that the Court finds no just reason for delay and that this Judgment constitutes a final judgment pursuant to Fed. R. Civ. P. 54 as to Level 1; and

14. The Court retains jurisdiction to enforce this Judgment.

IT IS SO ORDERED, ADJUDGED, and DECREED.

Dated: April 4, 2022

s:/Bernard A. Friedman
HON. BERNARD A. FRIEDMAN
Senior United States District Judge